# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>REGINALD CUTTINO MELVIN,  )<br>)<br>Defendant.  ) | MEMORANDUM OPINION<br>AND RECOMMENDATION<br>1:02CR201-1 |

Defendant Reginald Cuttino Melvin has filed a "Claim for Exemption Form" and request for a hearing (Pleading No. 122) in response to a Writ of Execution and Notice issued in this matter (Pleading Nos. 117 and 118). On review of the matter, and for reasons set forth below, it will be recommended that Defendant's claim for exemption and request for a hearing be denied.

On February 27, 2003, a criminal judgment was entered against Defendant Melvin. Amended judgments were entered on March 12, 2003, and January 10, 2007, upholding the original criminal fines. On November 30, 2007, an Order was issued granting Defendant's request to stay imposition of the fine upon the condition that he either post a bond with the Clerk of Court for $25,000 or pay a like amount into the Registry of the court to be held pending outcome of his appeal. The Order further states that if Defendant should fail to post the bond of $25,000 or pay a like amount into the Registry of the court by noon on Friday, December 14, 2007, the

fine is immediately payable. Defendant has not posted a bond or paid a like amount into the Registry.

On February 27, 2008, the United States issued a Writ of Execution to satisfy the judgment by seizing a 2002 Cadillac Escalade, Vehicle Identification Number 1GYEK63N52R167750, titled in Defendant's name. The Writ states that the judgment is for a special assessment of $100 and a criminal fine of $25,000. The special assessment has been paid in full. The Writ further states that as of February 11, 2008, payments totaling $99.84 have been made towards the fine and therefore the amount due and owing is $32,754,95, which includes principal in the amount of $24,900.16, penalties in the amount of $6,250.00, and interest in the amount of $1,604.79. Interest on the fine continues to accrue at the rate of 1.3 percent per annum.

On April 14, 2008, Plaintiff filed an exemption claim form, claiming that the following items are exempt from enforcement: (1) "Fuel, provisions, furniture, and personal effects. --So much of the fuel, provisions, furniture, and personal effects in the [Debtor's] household, and of the arms for personal use, livestock, and poultry of the [Debtor], as does not exceed $6,250 in value"; (2) "Books and tools of a trade, business, or profession.–So many of the books and tools necessary for the trade, business, or profession of the [Debtor] as do not exceed in the aggregate $3,125 in value"; (3) "Judgments for support of minor children.–If the [Debtor] is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to

contribute to support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment." See 18 U.S.C. § 3613(a) (in turn referencing 26 U.S.C. § 6334(a), subsections (2), (3), and (8)).

It is established from the record that the property claimed by Defendant to be exempt from execution is, in fact, not entitled to exemption. That is, the Cadillac Escalade that is subject to seizure does not fall into either of the three categories for which Defendant claims exemption. Accordingly, Defendant's claim of exemption is invalid and he has no right to a hearing on the exemption.

For reasons set forth above, **IT IS RECOMMENDED** that Defendant's claim of exemption and his request for a hearing (Pleading No. 122) be denied.

_____
Wallace W. Dixon, U.S. Magistrate Judge

May 5, 2008

-3-

Case 1:02-cr-00201-NCT   Document 124   Filed 05/05/08   Page 3 of 3