# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| REGINALD CUTTINO MELVIN,        ) | |
|                               ) | |
|           Petitioner,        ) | |
|                               )      1:09CV660 | |
| v.        )      1:02CR201-1 | |
|                               ) | |
| UNITED STATES OF AMERICA,        ) | |
|                               ) | |
|           Respondent.        ) | |

## O R D E R

Petitioner, a federal prisoner, has submitted a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This motion cannot be further processed for the following reasons:

1. Motion is not on proper § 2255 form - Forms enclosed. Petitioner correctly states that he filed a previous motion under § 2255 which, along with other motions, was partially dismissed without prejudice to him reraising his claims after his direct appeal had concluded. (Docket Nos. 56, 57.) That appeal has now concluded and Petitioner seeks to reraise his prior claims. Petitioner also claims that the order dismissing his prior § 2255 motion stated that he did not have to file a new motion to return with his claims. This is incorrect. The dismissal order does not state that no new motion will be needed and, in fact, one is needed. All of Petitioner's previous motions have been decided already. He must now present all of his claims in one new motion.

2. Motion was not signed by Petitioner. [Attached instructions and Rule 2(b), Rules Governing § 2255 Proceedings.] At least one copy of submitted motions must bear Petitioner's original signature, not a copy of a signature. Petitioner signed the certificate of service, but not the motion itself

3. An insufficient number of copies was furnished. Petitioner must submit an original and two copies. Rule 3(a), Rules Governing § 2255 Proceedings. Note that at least one of the copies must bear petitioner's original signature.

Because of these pleading failures, this particular motion would normally be dismissed without prejudice to Petitioner filing a new motion properly following the 28 U.S.C. § 2255 forms, correcting the defects of the present motion. However, it appears that the applicable time limitation for filing Petitioner's motion is near and the Court has no authority to toll it. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). Therefore, Petitioner's motion will be filed, but stayed for thirty days to allow Petitioner time to file a proper motion. If Petitioner submits a new motion, it should be referred to the undersigned for further screening. Failure to submit a new motion within the thirty-day period will result in dismissal of the action. To further aid Petitioner, the Clerk is instructed to send Petitioner new § 2255 forms and instructions for filing a § 2255 motion, which Petitioner should follow.

**IT IS THEREFORE ORDERED** that the Clerk is instructed to send Petitioner § 2255 forms and instructions.

**IT IS FURTHER ORDERED** that this action be filed, but stayed for thirty days in order to allow Petitioner to submit a corrected motion on the proper § 2255 forms. Any new motion should be referred for further screening.

**FAILURE TO COMPLY WITH THIS ORDER IN A TIMELY MANNER WILL RESULT IN DISMISSAL WITHOUT PREJUDICE OF THIS ACTION WITHOUT FURTHER NOTICE TO PETITIONER.**

/s/ Donald P. Dietrich
**Donald P. Dietrich, U.S. Magistrate Judge**

September 30, 2009